IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| PATIENCE C. RICHESON,<br>                                *Plaintiff,*<br>         v.<br>BIG LOTS STORES, INC.,<br>                               *Defendant.* | CASE NO. 6:11-cv-00048<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

Plaintiff Patience Richeson ("Plaintiff") filed her complaint in Campbell County Circuit Court on October 24, 2011. Thereafter, on November 10, 2011, Defendant Big Lots Stores, Inc. ("Defendant") timely removed the case to this Court on the basis of diversity jurisdiction. The matter is presently before the Court upon Defendant's motion for summary judgment. For the reasons that follow, I will grant Defendant's motion.

## I. BACKGROUND

This case arises from a trip and fall accident that took place during the afternoon of January 5, 2011, at one of Defendant's stores located in Campbell County, Virginia. The accident was captured by two surveillance cameras, each of which was recording from a different angle. Accordingly, the relevant facts surrounding the accident are not in dispute.

The videos show a woman (presumably a store employee) pushing a blue flatbed stock cart near the front entrance of the store. The woman subsequently leaves the cart in the aisle—just a few feet in front of the store entrance—while she attends to a young child. Shortly thereafter, an unidentified individual enters the store, walks around the left-hand side of the cart,

and proceeds down the aisle that the cart is partially blocking.  Next, Plaintiff and her husband enter the store.  Plaintiff enters first, and begins looking around, while her husband walks past her and to the left-hand side of the cart.  Like the unidentified individual moments earlier, Plaintiff's husband proceeds down the aisle that is partly obstructed by the cart.  As Plaintiff moves further into the store behind her husband, she walks into the low-lying bed of the cart, which causes her to trip and fall rather severely.[1]

In the videos, the configuration of the cart is such that its bed extends approximately four feet from the handle end at a height of what appears to be between six and twelve inches above the ground.  Although Plaintiff alleges in her complaint that there were several boxes stacked at the handle end of the cart, the video reveals only a small green package resting on the cart in that place.  The green package appears to be sitting on top of a small, upside-down table.  In fact, in her deposition, Plaintiff testified that she saw the green "thing."  She stated that it was the green package and the cart's handles that she was attempting to navigate around, and that she could not see the rest of the cart because it blended in with the dark-colored carpet underneath the cart.  However, the videos show that while there is in fact a black carpet just inside the entranceway, the cart is only covering a portion of it; several feet of the blue cart extend out over the light-colored linoleum floor surface.  Thus, in the videos, the color of the part of the cart over which Plaintiff tripped contrasts with the color of the floor beneath it.

Plaintiff claims that Defendant's negligence proximately caused her fall.  She seeks $100,000 in compensatory damages.

---

[1] In the videos, Plaintiff can be seen wearing glasses.  In her deposition, she testified that she wears transition bifocal lenses.  Plaintiff also testified that by the time of her fall, her lenses had adjusted to the interior of the store, which she concedes was well lit.  However, I observe that in the video, her lenses still appear to be darkened. Nevertheless, because I must view all facts and draw all inferences in the light most favorable to the nonmoving party, I will accept Plaintiff's contention that her lenses had adjusted by the time she tripped over the cart.

## II. LEGAL STANDARD

A motion for summary judgment should be granted if the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the evidence of a genuine issue of material fact "is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986) (citations omitted). "As to materiality . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248.

In considering a motion for summary judgment under Rule 56, a court must view the record as a whole and draw all reasonable inferences in the light most favorable to the nonmoving party. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). If the nonmoving party bears the burden of proof, "the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. If the moving party shows such an absence of evidence, the burden shifts to the nonmoving party to set forth specific facts illustrating genuine issues for trial. *See* Fed. R. Civ. P. 56(c); *Celotex*, 477 U.S. at 324. The trial court has an "affirmative obligation" to "prevent 'factually unsupported claims [or] defenses' from proceeding to trial." *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (quoting *Celotex*, 477 U.S. at 323–24).

### III. DISCUSSION

It is well-established that federal courts sitting in diversity apply the substantive law of the forum state, including the forum state's choice of law rules. *See Salve Regina Coll. v. Russell*, 499 U.S. 225, 226 (1991) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). In Virginia, the substantive law of the place of the wrong governs the proceeding. *See Frye v. Commonwealth*, 345 S.E.2d 267, 272 (Va. 1986). The injury alleged by Plaintiff occurred in Virginia. Accordingly, Virginia's law on premises liability applies in this case.[2]

To establish actionable negligence under Virginia law, Plaintiff must show "the existence of a legal duty, a breach of that duty, and proximate causation resulting in damage." *Atrium Unit Owners Ass'n v. King*, 585 S.E.2d 545, 548 (Va. 2003). A business owes its customers a duty to exercise ordinary care for those customers when they are on the business's premises. *Winn-Dixie Stores, Inc. v. Parker*, 396 S.E.2d 649, 650 (Va. 1990) (citing *Colonial Stores v. Pulley*, 125 S.E.2d 188, 190 (Va. 1962)). An owner has an obligation to remedy or warn of defects on its premises of which it has knowledge or should have knowledge, except for those defects that are "open and obvious to a reasonable person exercising ordinary care for his own safety." *Fobbs v. Webb Bldg. Ltd. Partnership*, 349 S.E.2d 355, 357 (Va. 1986). In fact, "[a] person who trips and falls over an open and obvious condition or defect is guilty of contributory negligence as a matter of law." *Scott v. City of Lynchburg*, 399 S.E.2d 809, 810 (Va. 1991).[3] And in Virginia, contributory negligence is a complete bar to recovery for injuries caused in part by the

---

[2] Although Virginia law applies to the substance of Plaintiff's claim for personal injury, "whether there is sufficient evidence to create a jury issue of those essential substantive elements of the action, as defined by state law, is controlled by federal rules." *Fitzgerald v. Manning*, 679 F.2d 341, 346 (4th Cir. 1982).

[3] To prove contributory negligence, a defendant must show both that the plaintiff was negligent and that the plaintiff's negligence was the proximate cause of the plaintiff's injury. *Rascher v. Friend*, 689 S.E.2d 661, 664–65 (Va. 2010). "The issue whether a plaintiff is guilty of contributory negligence is ordinarily a question of fact to be decided by the fact finder. The issue becomes one of law for the [ ] court to decide only when reasonable minds could not differ about what conclusion could be drawn from the evidence." *Jenkins v. Pyle*, 611 S.E.2d 404, 407 (Va. 2005).

negligence of another. *See Baker v. Buttenvorth*, 89 S.E. 849, 849–50 (Va. 1916); *see also Flakne v. Chesapeake & Potomac Tel. Co. of Va.*, 97 S.E.2d 650, 652 (Va. 1957) ("One cannot charge another in damages for negligently injuring him when his own failure to exercise due and reasonable care was responsible for the occurrence of which he complains.").

When a plaintiff is injured by an open and obvious hazard,[4] he has the burden of showing "conditions outside of himself which prevented him seeing the defect, or which would excuse his failure to observe it." *City of S. Norfolk v. Dail*, 47 S.E.2d 405, 409 (Va. 1948) (quoting *Lerner v. City of Philadelphia*, 70 A. 755, 755 (Pa. 1908)). However, "more is needed than a simple allegation of a distraction to create a jury issue. It [is] necessary for [the] plaintiff to establish that his excuse for inattention was reasonable, *i.e.*, that the distraction was unexpected and substantial." *West v. City of Portsmouth*, 232 S.E.2d 763, 765 (Va. 1977). Indeed, "[t]o hold otherwise would permit a plaintiff in any case to avoid contributory negligence by showing an insignificant reason for failing to be observant." *Id.*

In the case at hand, Plaintiff testified in her deposition that Defendant's store was well lit, and that she had no trouble seeing around the store. Her deposition included the following pertinent exchange:

> Q    So if you could, just describe the incident as best you can, from when you entered the store to when the fall occurred.
> A    Okay. We came in the store and I was looking, you know, around or whatever, and I was aware of the [cart's] handles, they were right in front of me. And I walked around those, but I wasn't aware of the cart body, because it was dark like the carpet right there, so I assumed nothing was there and it was all right and tripped over it.
> Q    Did you look down?
> A    No.
> Q    Did you look at the floor to see where you were walking as you walked around the handles of the cart?
> A    No.

---

[4] It is the hazard created by an object, not the object itself, that must be open and obvious. *See Freeman v. Case Corp.*, 118 F.3d 1011, 1014–15 (4th Cir. 1997) (applying Virginia law).

In the seminal case of *Gottlieb v. Andrus*, 104 S.E.2d 743, 744 (Va. 1958), the Supreme Court of Virginia took up an appeal of a jury verdict in favor of a plaintiff who had sued a grocery store for negligently leaving boxes in an aisle that caused her to trip and fall. The court observed the fact that the plaintiff, like Plaintiff in the instant matter, had testified during the trial that she did not see the boxes over which she tumbled because she had not looked down at the floor to see where she was going. *Id.* at 745. Reciting the law applicable to these facts, the court stated:

> The plaintiff was an invitee and the defendant owed to her the duty of using ordinary care to have his premises reasonably safe for her visit. In the exercise of ordinary care the defendant was required to warn the plaintiff of latent dangers which were or should have been known to him and which were unknown to the plaintiff. But no notice or warning was required if the alleged dangerous condition was open and obvious to a person exercising reasonable care for his own safety.

*Id.* at 746. The court found that "a glance down the aisle as [she] entered it, or at any point as she walked along, would have shown her the boxes on the floor," and that she could not, in the exercise of ordinary care, "walk down this aisle without regard to open and obvious articles in it which would have been apparent to her had she looked even casually on entering the aisle or at any time before she fell." *Id.* at 747. Accordingly, the court found that the plaintiff had been contributorily negligent as a matter of law, and reversed the judgment of the trial court. *Id.*

The Supreme Court of Virginia reached the same outcome in *Tazewell Supply Co. v. Turner*, 189 S.E.2d 347 (Va. 1972), which, like *Gottlieb*, is akin in many respects to the case at hand. In *Tazewell*, the plaintiff was shopping in the defendant's store. *Id.* at 348. As she moved to view a display, she tripped over a box in the aisle and fell. *Id.* She conceded that had she been looking down, she would have seen the box. *Id.* at 350. Moreover, her sister testified that the store was well lit, and that the box over which the plaintiff tripped was not the same color as the floor of the store. *Id.* at 349. The court had little trouble reversing the judgment that had

been entered in the plaintiff's favor, finding instead that she had clearly been contributorily negligent, and was thus barred from recovering any damages from the store. *Id.* at 350.[5]

Plaintiff asserts that upon viewing the videos, a trier of fact could conclude that she was aware of the handle end of the cart and the green object situated there, that she moved around that obstruction, but then tripped over the low-lying bed of the cart, which was not open and obvious. In so contending, Plaintiff proposes that there was no reason for her to anticipate the "latent condition" that was presented by the cart bed, "which was well out of the field of vision." Accordingly, Plaintiff submits that the question of the cart's open and obvious nature is one for a jury that should not be resolved on summary judgment. However, I disagree.

In her brief in opposition to Defendant's summary judgment motion, Plaintiff cites *Crocker v. WTAR Radio Corp.*, 74 S.E.2d 51 (Va. 1953), in which the Supreme Court of Virginia reversed the trial court and held that questions of negligence and contributory negligence were for the jury in a case in which a woman fell on the premises of an invitor and then sued. However, I observe that the facts of that case are easily distinguishable from those in the instant matter. In *Crocker*, the woman fell while traversing a split-level stage. *Id.* at 52. There was no

---

[5] Several federal courts applying Virginia law have held similar failures by plaintiffs to observe the paths in front of them to be contributory negligence as a matter of law. *See, e.g.*, *Bishop v. Lowe's Home Ctrs., Inc.*, 32 F. App'x 687, 688–89 (4th Cir. 2002) (affirming grant of summary judgment where the evidence established "that the cart was clearly visible to an attentive customer and that [plaintiff] failed to adequately examine the floor area where the cart was located prior to tripping over the cart"); *Hall v. Food Lion, Inc.*, Nos. 90-1438, 90-1445, 1991 WL 8477, at *1 (4th Cir. Jan. 31, 1991) ("*Gottlieb* and *Tazewell* require invitees in Virginia to be on the lookout for hazards 'open and obvious' to persons exercising reasonable care for their safety. [Plaintiff] had a duty to look down the aisle where she was about to walk so that she might avoid stumbling over an object which was open and obvious."); *Cameron v. K Mart Corp.*, No. 3:09cv00081, 2010 WL 2991014, at *3 (W.D. Va. July 28, 2010) ("Had [plaintiff] been looking, she would have seen the box and avoided its potential hazard. By her own admission, however, [plaintiff] simply failed to look down far enough to see the box before she proceeded forward."); *Kitts v. Boddie-Noell Enters., Inc.*, No. 3:09cv00060, 2010 WL 2218053, at *3 (W.D. Va. June 1, 2010) (granting summary judgment where plaintiff was not paying attention and failed to exercise proper care to look where she was stepping when she tripped on a wheel block); *Richards v. Wal-Mart Stores East, L.P.*, No. 6:07cv00024, 2008 WL 1860198, at *4 (W.D. Va. Apr. 25, 2008) (finding plaintiff contributorily negligent because she did not maintain "a lookout commensurate with the circumstances" and tripped on a defect in a parking lot); *Hudson v. Kroger Co.*, No. 6:06cv00046, 2007 WL 2110340, at *3–4 (W.D. Va. July 18, 2007) (determining that woman who slipped on cherries in a grocery store was contributorily negligent and stating "[g]enerally, the guiding inquiry is whether the plaintiff would have seen the hazard if she had been looking").

marking on the floor to indicate that there was a step down, and there was no difference in the coloring of the two levels; both were highly polished and, so the plaintiff claimed, looked like one straight floor. *Id.* The court concluded that this evidence warranted "the inference that because of the nature of the floor . . . the difference in levels was not readily ascertainable by one exercising ordinary care." *Id.* at 53. Essentially, then, the court held that the difference in the height of the levels was not open and obvious. However, as mentioned, in the case at hand, the blue color of the cart contrasted sharply with the light-colored floor in the place where Plaintiff tripped. Thus, while the question of the hazard's open and obvious nature was an archetypal jury question in *Crocker*, in the instant matter, that question is not one on which reasonable minds could differ, and is therefore ripe for resolution on a motion for summary judgment.

Additionally, Plaintiff cites another Supreme Court of Virginia case, *Shiflett v. M. Timberlake, Inc.*, 137 S.E.2d 908 (Va. 1964). But again, this case is distinguishable. In *Shiflett*, the plaintiff walked into a drugstore and then, while looking at a bright display on the counter, suddenly slipped and fell to the point of being knocked unconscious. *Id.* at 910. Evidently, some water had pooled on the floor due to inclement weather; however, the plaintiff testified that she could see nothing on the floor prior to her fall. *Id.* Thus, the plaintiff in *Shiflett*, unlike Plaintiff in the case at hand, had at least attempted to scan the path before her for potential hazards. Ultimately, the court held that the question of whether the hazard was open and obvious, and therefore the question of whether she was contributorily negligent, was one for the jury. *Id.* at 912.

Finally, Plaintiff points to *Nuckoles v. F.W. Woolworth Co.*, 372 F.2d 286 (1967), a pre-*Tazewell* case in which the United States Court of Appeals for the Fourth Circuit applied Virginia law on premises liability. In *Nuckoles*, the plaintiff tripped over a box the color of

which she claimed blended in with the floor and her view of which she said had been obstructed by a clerk. *Id.* at 287. The majority of the panel distinguished *Gottlieb*, and found that it did not "require the conclusion that [the plaintiff]'s failure to observe the box constituted contributory negligence. *Id.* at 288.[6] In the instant matter, however, Plaintiff's view of the cart was unobstructed and her allegation that it blended in with the carpet below in the place that she tripped is, as I previously mentioned, simply inaccurate. To be sure, "[m]ost people do not bow their heads and look at their feet while shopping in a store . . . ." *Id.* at 287. But that is not what the law of Virginia requires; rather, the case law I have cited makes it clear that it is incumbent upon customers to avoid open and obvious hazards that would have otherwise been observed had they been looking where they were going. In the instant matter, the videos and Plaintiff's own admissions in her deposition testimony reveal that she failed to exercise such reasonable care for her own safety.

Despite Plaintiff's best efforts to cite case law supporting her argument that this issue should be put to a jury, the facts of the cases to which she refers are plainly quite different from those in the case at hand. In light of the facts in this case, I agree with Defendant that no reasonable jury could conclude that Plaintiff did not have an opportunity to see the blue bed of the cart or that she would not have seen it had she made an effort to look where she was going after she rounded the cart handles. *See Webber v. Speed Channel, Inc.*, 472 F. Supp. 2d 752, 760 (E.D. Va. 2007) ("While [plaintiff] was not required to keep his eyes fixed constantly upon the walkway ahead of him, he could not 'walk heedlessly along in complacent faith that his path [was] free and clear of pitfalls and obstacles' that were open and obvious.") (quoting *Town of Hillsville v. Nester*, 205 S.E.2d 398, 399 (Va. 1974)). As such, no reasonable jury could

---

[6] Judge Winter reached the opposite conclusion, stating that he found *Gottlieb* to be on point and that the plaintiff had been contributorily negligent as a matter of Virginia law. *Nuckoles v. F.W. Woolworth Co.*, 372 F.2d 286, 290–91 (1967) (Winter, J., dissenting).

conclude that the cart was not an open and obvious hazard, and I find as a matter of law that Plaintiff's contributory negligence proximately caused her to trip over it. Therefore, notwithstanding the primary negligence of Defendant in leaving the cart unattended and in front of the entranceway where the volume of customer traffic could be expected to be high, Plaintiff is barred from recovering any damages from Defendant under Virginia law. Accordingly, summary judgment in Defendant's favor is proper.

### IV. CONCLUSION

For the aforementioned reasons, Defendant's motion for summary judgment shall be granted. An appropriate order accompanies this memorandum opinion.

The Clerk of the Court is hereby directed to send a certified copy of this memorandum opinion and the accompanying order to all counsel of record.

Entered this  27th   day of April, 2012.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE